```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
IN RE: FOSAMAX PRODUCTS LIABILITY       :   1:06-MD-1789-JFK
LITIGATION                              :
----------------------------------------x   MEMORANDUM
This Document Relates to:               :   OPINION & ORDER
                                        :
Brodin v. Merck & Co., Inc.             :
Case No. 1:07-cv-03466-JFK              :
                                        :
Casey v. Merck & Co., Inc.              :
Case No. 1:08-cv-00896-JFK              :
                                        :
DeLoriea v. Merck & Co., Inc.           :
Case No. 1:08-cv-09728-JFK              :
                                        :
Quarles v. Merck & Co., Inc.            :
Case No. 1:07-cv-11334-JFK              :
----------------------------------------x
```

**JOHN F. KEENAN, United States District Judge:**

Plaintiffs are Virginia residents who brought suit against Defendant Merck Sharp & Dohme Corporation ("Merck") for alleged jaw injuries caused by Merck's prescription osteoporosis drug Fosamax. Merck moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure claiming that Plaintiffs' claims are time-barred by Virginia's two-year statute of limitations. For the reasons that follow, Merck's motion is granted.

## I.  BACKGROUND

The relevant facts are not disputed. Plaintiffs are citizens and residents of Virginia who filed suit in this Court under federal diversity jurisdiction. Plaintiffs resided in,

were prescribed Fosamax in, and were allegedly injured in the Commonwealth of Virginia.

Plaintiff Brodin alleges that she sustained an injury caused by Fosamax in March 2004, but she did not file suit until May 1, 2007.

Plaintiff Casey brought this action on January 25, 2008 on behalf of the estate of his wife who died on December 31, 2007. Casey claims that his wife developed her Fosamax-related injury in June 2004. Casey also brings a loss of consortium claim on his own behalf.[1]

Plaintiff DeLoriea filed suit on November 12, 2008. She provided in her sworn profile form that her injury occurred on May 24, 2004. DeLoriea now disputes this fact, asserting that her medical records do not evidence that she sustained an injury before October 2004.

Plaintiff Quarles alleges that her injury occurred in October 2003, at the latest. She filed the instant action on December 17, 2007.

In sum, it is undisputed that all four plaintiffs filed suit more than two years after the latest possible date that

---

[1] Plaintiffs Brodin and Quarles also assert claims of loss of consortium on behalf of their husbands. Even if those claims were not time-barred, they still would be dismissed because loss of consortium is not a cognizable claim under Virginia law. See Va. Code Ann. § 55-36; Wolford v. Budd Co., 149 F.R.D. 127, 132 (W.D. Va. 1993).

they sustained their respective alleged injuries.

A federal class action on behalf of a nationwide class of plaintiffs who allegedly suffered personal injuries due to the use of Fosamax was filed in the United States District Court for the Middle District of Tennessee on September 15, 2005. That action, Wolfe et al. v. Merck & Co., Inc., was transferred to this Court as part of this multi-district litigation. This Court denied the motion for class certification in that action on January 28, 2008.

## II. DISCUSSION

"[I]t is well established that in diversity cases state law governs not only the limitations period but also the commencement of the limitations period." Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 709 (2d Cir. 2002). New York choice of law rules apply to the instant matter as a federal court sitting in diversity applies the choice of law rules of the state in which it sits. Id. at 710; Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).

The relevant statute here, New York's "borrowing statute," N.Y. C.P.L.R. § 202, provides that when a non-resident brings a cause of action that arose outside of New York, the Court "must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state

where the cause of action accrued." Stuart v. Am. Cyanamid Co., 158 F.3d 622, 627 (2d Cir. 1998). The statute of limitations for personal injury claims is three years in New York, N.Y. C.P.L.R. § 214(5), and two years in Virginia — the state in which Plaintiffs' causes of action accrued. Va. Code Ann. § 8.01-243(A). Therefore, the Court applies the Virginia two-year statute of limitations to Plaintiffs' claims.[2]

Plaintiffs do not contest that the Virginia two-year statute of limitations applies to their actions. Rather, in their joint opposition to Merck's motion for summary judgment, Plaintiffs contend that all four cases were timely filed under American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), because the statute of limitations was tolled for roughly 28 months during the pendency of the Wolfe action before the Court declined to certify a class.

Under the rule first articulated by the United States Supreme Court in American Pipe, the filing of a class action complaint "suspends the applicable statute of limitations as to all asserted members of the class who would have been parties

---

[2] To extent that the any of the Plaintiffs' claims are not covered by § 8.01-243(A), the Court would still apply a two-year statute of limitations under Virginia's "catch-all" provision. See Va. Code Ann. § 8.01-248 ("Every personal action . . . for which no limitation is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued.").

had the suit been permitted to continue as a class action." Id. at 554. The Court believed a contrary holding "would deprive Rule 23 class actions of the efficiency and economy of litigation" as proposed class members would be inclined to file suit in the event the court later found the proposed class unsuitable. Id. at 553. The Court later expanded the American Pipe doctrine, holding that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 354 (1983).

The tolling issue is not as straight-forward as Plaintiffs suggest because the instant actions materially differ from American Pipe and Crown, Cork & Seal in two ways. Those cases involved a federal statute of limitations period on a federal cause of action whereas Plaintiffs in the instant action assert exclusively state law claims. As previously stated, it is accepted that a federal diversity court applies state law in determining whether a statute of limitations has been tolled. See In re Agent Orange Prods. Liab. Litig., 818 F.2d 210, 213 (2d Cir. 1987) (holding that state, not federal law, applies to tolling issues, including American Pipe tolling); In re Rezulin Prods. Liab. Litig., No. 00 Civ. 2843, 2006 WL 695253, at *1 (S.D.N.Y. Mar. 15, 2006) (declining to toll the statute of

limitations under American Pipe because "where, as here, a plaintiff seeks to toll a state statute on purely state law claims, state law rather than federal law governs" (quotation omitted)). Therefore, in this multi-district litigation, the applicable state statute of limitations — here, that of Virginia — was tolled during the pendency of the Wolfe class action only if the American Pipe rule also applies under the laws of that state.

In the instant matter, the Wolfe class action was filed in Tennessee and no Fosamax-related class actions were filed in Virginia. The federal tolling rule originally set forth in American Pipe does not address whether a class action filed in state court tolls the limitations period of an action filed in another jurisdiction. Some states that have adopted American Pipe tolling have refused to expand the doctrine to include "cross-jurisdictional class action tolling," thereby declining to apply the tolling doctrine in situations where they otherwise would have if the original class action had been filed in its own jurisdiction. The predominate justification underlying these decisions is the prevention of forum shopping. As explained by the Supreme Court of Illinois, "[u]nless all states simultaneously adopt the rule of cross-jurisdictional class action tolling, any state which independently does so will

invite into its courts a disproportionate share of suits which the federal courts have refused to certify as class actions after the statute of limitations has run." Portwood v. Ford Motor Co., 701 N.E.2d 1102, 1104 (Ill. 1998).

The timeliness of Plaintiffs' claims thus depends on whether Virginia law would adopt American Pipe tolling and cross-jurisdictional class action tolling.  No Virginia court has answered these questions.

Most states, following the Supreme Court's reasoning in American Pipe, have adopted a rule allowing tolling during the pendency of a class action filed in their own courts. See Wade v. Danek Med., Inc., 182 F.3d 281, 286-87 (4th Cir. 1999) (collecting cases).  Only a small fraction of states have addressed the cross-jurisdictional tolling issue, though, and there is no clear consensus among them. Compare Vaccariello v. Smith & Nephew Richards, Inc., 763 N.E.2d 160, 163 (Ohio 2002) (recognizing cross-jurisdictional class action tolling), and Staub v. Eastman Kodak Co., 726 A.2d 955, 965-67 (N.J. 1999) (same), with Maestas v. Sofamor Danek Group, Inc., 33 S.W.3d 805, 808 (Tenn. 2000) (declining to recognize cross-jurisdictional class action tolling), and Portwood, 701 N.E.2d at 1104-05 (same).  As a result, federal diversity courts are often left to predict how a state's highest court would rule.

Recognizing the lack of consensus on the issue and the frequently articulated concern of forum shopping, federal courts generally have been disinclined to import cross-jurisdictional tolling into the law of a state that has not ruled on the issue. See, e.g., Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1025 (9th Cir. 2008) (declining to import cross-jurisdictional class action tolling into California law); Wade, 182 F.3d at 286 (declining to apply cross-jurisdictional class action tolling in part because "in trying to determine how [Virginia's] state court would interpret the law, [the court] should not create or expand that State's public policy" (quotation omitted)); In re Urethane Antitrust Litig., 663 F. Supp. 2d 1067, 1082 (D. Kan. 2009) ("[I]n the absence of Indiana authority recognizing the doctrine, the Court declines to import a new tolling rule into that state's limitations law."); In re Vioxx Prods. Liab. Litig., MDL No. 1657, 2007 WL 3334339, at *3 (E.D. La. Nov. 8, 2007) ("Absent clear guidance, the Court will not expand Texas's class action tolling doctrine."). But see Primavera Familienstifung v. Askin, 130 F. Supp. 2d 450, 515-16 (S.D.N.Y. 2001) (concluding that Connecticut would recognize cross-jurisdictional class action tolling).

In Wade, the Court of Appeals for the Fourth Circuit affirmed the dismissal of a products liability action as time-

barred, definitively concluding that "the Virginia Supreme Court would not adopt a cross-jurisdictional equitable tolling rule." 182 F.3d at 287. Beyond the forum shopping concerns shared by other state courts, the Fourth Circuit noted an additional consideration specific to the Commonwealth of Virginia that undermines the articulated reasoning behind American Pipe. That is, Virginia "has no interest, except perhaps out of comity, in furthering the efficiency and economy of the class action procedures of another jurisdiction" because "Virginia itself has no action provision analogous to Federal Rule 23." Id. at 287 & n.7.

The Court gives credence to the opinion of the Fourth Circuit on an unanswered issue of Virginia law as it is likely in the best position to predict how the state's highest court would rule. The Court has no reason to believe that Virginia would join the few states that currently recognize cross-jurisdictional class action tolling, and thus it refuses to expand Virginia law in that manner. Plaintiffs' claims are time-barred by Virginia's two-year statue of limitations, and therefore Merck's motion is granted.

## CONCLUSION

The pendency of the Wolfe class action did not toll Virginia's two-year statute of limitations and thus all claims

9

are time-barred. Merck's motion for summary judgment is granted. The four actions are dismissed.

**SO ORDERED.**

Dated:   **New York, New York**
         **March 15, 2010**

                                          _____
                                                  John F. Keenan
                                          **United States District Judge**